UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

ANTONETTE M. CABANA,            )
     Plaintiff,          )
                  )
v.                           ) Case No.: [leave blank]
                  )
NORTH DAKOTA DEPARTMENT OF      )  COMPLAINT FOR VIOLATION
HEALTH AND HUMAN SERVICES, et al., )  OF CIVIL RIGHTS
     Defendants.        )  (42 U.S.C. § 1983)
_____)

I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights). Venue is proper in the District of North Dakota under 28 U.S.C. § 1391(b).

II. PARTIES

2. Plaintiff Antonette M. Cabana is a resident of Fargo, Cass County, North Dakota, and appears pro se temporarily.

3. Defendant North Dakota Department of Health and Human Services (NDHHS) is a state agency acting under color of state law, with its principal office at 600 E. Boulevard Ave., Bismarck, ND 58505.

4. Defendant Sarah M. Green is an Assistant Attorney General for the State of North Dakota, acting under color of state law, with her office at 500 N. Ninth St., Bismarck, ND 58501-4509.

5. Defendant Aaron Webb is an NDHHS Appeals Supervisor, acting under color of state law, with his office at 600 E. Boulevard Ave., Dept. 325, Bismarck, ND 58505-0250.

6. Defendant Joan Schatz is an NDHHS employee, acting under color of state law, with her office at 600 E. Boulevard Ave., Bismarck, ND 58505.

7. Defendant Rhoda Elmi is the director of Jasmin Child Care and a state actor, acting under color of state law, with her business address at 4720 7th Ave S, Fargo, ND 58103.

8. Defendant McClusky School District is a public entity acting under color of state law, with its address at 219 Avenue D West, McClusky, ND 58463.

9. Defendant Goldmark Property Management is a private entity that acted under color of state law by colluding with state actors, with its address at 4340 18th Ave S Ste 200, Fargo, ND 58103.

10. Defendant Melissa Lauer is the Sheridan County Clerk of Court, acting under color of state law, with her office at 215 2nd St. E., McClusky, ND 58463.

11. Defendant Candace Helm is a clerk for the Burleigh County Clerk of Court's office, acting under color of state law, with her office at 514 E. Thayer Ave., Bismarck, ND 58501. On a date in February or March 2026, this Defendant refused to properly docket Plaintiff's emergency filing.

12. Defendant Kurt Mortenson is an individual residing at 412 Main Street, McClusky, ND 58463, and is employed as a supervisor by the North Dakota Department of Transportation (NDDOT). Acting under color of state law, he participated in the unauthorized concealment of minor child Emma L. Cabana and used his official position to impede Plaintiff's parental rights.

13. Defendant Debra Mortenson is an individual residing at 412 Main Street, McClusky, ND 58463, and is employed by the United States Postal Service

(USPS). Acting under color of federal law, she participated in the unauthorized interstate movement and concealment of minor child Emma L. Cabana.

## III. FACTUAL ALLEGATIONS

14. On January 2, 2026, Plaintiff initiated contact with NDHHS to ensure the integrity of eligibility data.

15. On January 23, 2026, NDHHS dated an adverse action notice, but it was not served via the portal until January 29, 2026, providing only 72 hours' notice before the February 1 effective date, in violation of 42 C.F.R. § 431.211 (10-day notice requirement).

16. On February 4, 2026, Plaintiff formally demanded production of all Narrative Case Notes (Journal Entries) from January 2022 to present. As of April 3, 2026, Defendants have failed to produce these records for 120 days.

17. Despite having verified transcripts from University of Phoenix (B.S. Public Administration) and Ashworth College (Paralegal Studies), NDHHS willfully mislabeled Plaintiff's educational track as "Culinary Arts" in the official record, and maintained that false entry through March 2026 correspondence from Defendant Webb.

18. Defendant Joan Schatz signed an affidavit validating the administrative record that contains this known false entry.

19. Defendant Rhoda Elmi, acting as both a state actor and CEO of Jasmine Daycare, used her official position to bridge a private billing dispute into an official administrative proceeding, creating a conflict of interest.

20. The Sheridan County Clerk of Court (Melissa Lauer) withheld raw digital audio transcripts of proceedings, placing a financial barrier between Plaintiff and public records, in violation of N.D. Admin. Code § 28-32-24.

21. Goldmark Property Management, without a signed Release of Information, provided Plaintiff's 2025 residential lease to NDHHS, which was then used in a March 2026 benefit-reduction mailing.

22. The McClusky School District engaged in record tampering by misclassifying Plaintiff's standing as a "Parental Guest" and transitioning to a "paper-only blackout" to destroy digital audit trails.

23. Defendants Kurt Mortenson and Debra Mortenson, the third-party custodians of minor child Emma, admitted to 48-hour intentional concealment of the child, and the child reported knife threats and corporal torture.

24. On April 1, 2026, NDHHS executed a benefit termination at 12:29 AM, in violation of the active administrative stay from Plaintiff's January 13, 2026 appeal.

## IV. CLAIMS FOR RELIEF

Count I: Violation of Due Process (14th Amendment) – NDHHS deprived Plaintiff of property (benefits) without adequate notice and an opportunity to be heard.

Count II: Official Oppression under Color of Law – Defendants used their official positions to deny Plaintiff rights, privileges, and immunities.

Count III: Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985) – Defendants coordinated to deprive Plaintiff of equal protection and due process.

Count IV: Spoliation of Evidence – Defendants intentionally destroyed or withheld material evidence (digital audit logs, narrative case notes, Brightwheel records).

## V. CLAIM FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Issue a temporary restraining order and preliminary injunction immediately restoring all household benefits (TANF, SNAP, CCAP, Medicaid) to the level existing prior to January 2026;

B. Order the immediate release of Nathaniel Norris into Plaintiff's private medical custody and vacate any no-contact order that severs him from his ADA proxy;

C. Compel Defendants to produce all Narrative Case Notes, IES Master Server audit logs, and all other requested ESI within 10 days;

D. Declare that all adverse actions based on the fraudulent "Culinary Arts" mislabeling and the stale 2025 lease are void ab initio;

E. Award Plaintiff compensatory and punitive damages as determined by the Court;

F. Grant such other and further relief as the Court deems just.

## VI. CERTIFICATION

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: April 3, 2026.

_____
Antonette M. Cabana
1820 40th Street South, Unit 221
Fargo, ND 58103
(701) 822-2718
antonettecabana@gmail.com